UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA          JS-6

CIVIL MINUTES—GENERAL

**Case No.  CV-15-04774-MWF (PJWx)**          **Date:  July 13, 2015**
Title:      Federal National Mortgage Association -*v*- Terence Agee et al.

Present:    The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

        Deputy Clerk:                          Court Reporter:
        Rita Sanchez                          Not Reported

        Attorneys Present for Plaintiff:       Attorneys Present for Defendant:
        None Present                           None Present

**Proceedings (In Chambers):**   ORDER REMANDING ACTION TO STATE
                             COURT

On August 8, 2014, Plaintiff Federal National Mortgage Association filed a Complaint for Unlawful Detainer and Money Damages against Defendant Terence Agee in the Superior Court of California for the County of Los Angeles.  (Docket No. 1 at 10).  On June 24, 2015, Defendant Terence Agee, appearing *pro se,* removed the action to this Court.  (Docket No. 1).  For the following reasons, the Court lacks subject matter jurisdiction over this action and **REMANDS** it back to the Superior Court of California for the County of Los Angeles.

This Court has a *sua sponte* obligation to confirm that it has subject matter jurisdiction.  *Nevada v. Bank of Am. Corp.*, 672 F.3d 661, 673 (9th Cir. 2012) ("[I]t is well established that 'a court may raise the question of subject matter jurisdiction, *sua sponte*, at any time during the pendency of the action . . . .'" (quoting *Snell v. Cleveland, Inc.*, 316 F.3d 822, 826 (9th Cir. 2002))).

In his untimely removal papers, Defendant Agee appears to assert the existence of federal question jurisdiction.  "For a case to 'arise under' federal law, a plaintiff's well-pleaded complaint must establish either (1) that federal law creates the cause of action or (2) that the plaintiff's asserted right to relief depends on the resolution of a substantial question of federal law."  *K2 Am. Corp. v. Rolland Oil & Gas, LLC*, 653 F.3d 1024, 1032 (9th Cir. 2011) (citation and internal quotation marks omitted).  Importantly, there is no federal question jurisdiction even if there is a federal defense

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA                JS-6

CIVIL MINUTES—GENERAL

**Case No.  CV-15-04774-MWF (PJWx)            Date:  July 13, 2015**
Title:      Federal National Mortgage Association -*v*- Terence Agee et al.

to the claim or a counterclaim arising under federal law.  *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392-93, 107 S.Ct. 2425, 96 L. Ed. 2d 318 (1987).

        While the Notice of Removal is largely unintelligible, it appears that Defendant is arguing that this Court has jurisdiction because "[t]he property is connected to a Diplomatic Firm Organization and has full diplomatic immunity connected to the International Court."  (Docket No. 1 at 2).  Apart from being nonsensical, this assertion is insufficient to establish federal jurisdiction.  The underlying action is one for unlawful detainer, a state law claim.  Accordingly, Defendant's argument is at most a federal defense.  Any anticipated defenses to the aforementioned state law claim are insufficient at conferring jurisdiction on this Court.  The Court therefore determines that the Complaint does not arise under federal law and thus fails to have jurisdiction on that basis.

        Moreover, Defendant has failed to show that diversity jurisdiction exists over this action.  Subject matter jurisdiction based on diversity of citizenship exists only where the amount in controversy exceeds $75,000 and there is complete diversity of citizenship.  28 U.S.C. § 1332; *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373, 98 S. Ct. 2396, 57 L. Ed. 2d 274 (1978).  Defendant is unable to meet the amount in controversy requirement of § 1332.  Defendant appears to allege that the requirement is met as the "Property's value is over $250,000."  (Docket No. 1 at 2).  However, "[i]n unlawful detainer actions, the title to the property is not involved-only the right to possession."  *Skyline Vista Equitites, LLC v. Henderson*, 2011 WL 5122616, at *2 (C.D. Cal. Oct. 25, 2011) (citing *Evans v. Superior Court*, 67 Cal. App. 3d 162, 170, 136 Cal. Rptr. 596 (1977)).  Thus, "the amount in controversy is determined by the amount of damages sought in the Complaint, rather than the value of the subject real property."  *Id.*  This is a limited state court action involving less that $10,000.  (Docket No. 1 at 10).  "[G]iven that the value of the property is not the amount in controversy," Defendant failed to show that this action meets the minimum jurisdictional award.  *Skyline Vista*, 2011 WL 5122616, at *2.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA          JS-6

CIVIL MINUTES—GENERAL

**Case No.  CV-15-04774-MWF (PJWx)**          **Date:  July 13, 2015**
Title:      Federal National Mortgage Association -*v*- Terence Agee et al.

---

Accordingly, the Court **REMANDS** the action to the Superior Court of the State of California for the County of Los Angeles.  The Court **ORDERS** the Clerk to treat this Order, and its entry on the docket, as an entry of judgment.  Local Rule 58-6.

IT IS SO ORDERED.